No. 14.—SAMUEL HUNTER, guardian, &c. plaintiff in error, *vs.* NATHAN BASS, executor, &c. defendant in error.   THE AMERICAN COLONIZATION SOCIETY, plaintiff in error, *vs.* NATHAN BASS, executor, defendant in error.

HARVARD LAW SCHOOL LIBRARY.

[1.] A will has provisions for the emancipation of certain slaves, which provisions are void.   It has other provisions.   The executor prays the direction of a Court of Equity, as to how he shall execute these latter provisions.   In virtue of the void provisions, the Colonization Society, on its own account, applies to be made a party in the case, as also does one H, as guardian *ad litem* for the slaves.   The Court refuses the applications: *Held*, that the Court did right.

In Equity, in Putnam Superior Court.   Decisions by Judge HARDEMAN, March Term, 1855.

Robert Bledsoe, by his will, directed his executors to dispose of his negroes, as follows :

" I will and desire that there shall be a sufficiency of good, arable land, purchased either in the State of *Indiana or Illinois*, for all my negroes to locate upon and cultivate, with a sufficiency of land for timber and firewood included—to be done within a reasonable time after my death, by my executors or any one or two of them ; and to remove all of said negroes to said tract or settlement of land, in the State of Indiana or Illinois, as aforesaid ; but would recommend for the title to·

said land to be made to my executors, for fear they might be defrauded out of the land or squander it themselves.

"I will and desire, after the removal and location of said negroes *west of the Ohio river*, that they be furnished an outfit of farming utensils, including the wagons and teams used in their removal as a part of said outfit; and further request, that there be also purchased for said negroes the first year's provisions for their subsistence after their removal."

After the making of the will, and before the death of Bledsoe, the State of Indiana prohibited the introduction of negroes into that State. After his death, the State of Illinois passed a similar Act.

Nathan Bass, the executor to this will, filed a bill for direction, stating, that by this state of facts, the will of Gen. Bledsoe could not be executed—and asking direction whether the negroes passed under the residuary clause or went to the next of kin.

Hunter moved to be made a party to this bill as guardian *ad litem* for the negroes, and to represent their interest.

The American Colonization Society also moved, by Counsel, to be made a party, calling the attention of the Court to the Colony of Liberia as a proper location for the slaves, and tendering their organization as a proper scheme for carrying out the charitable bequests of the testator.

The Court below refused both applications, and error is assigned thereon.

B. HILL, T. R. R. COBB and H. COBB, for plaintiff.

E. A. NISBET; F. H. CONE, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] In the opinion of this Court, the decision of the Court below, in each of these cases, was right.

It may be said, with confidence, that the testator wished his slaves to be free in the State of Indiana or the State of

Illinois.    But it cannot be said, with any degree of confidence, that he wished them to be free in Ohio or Massachusetts, Canada or Congo, Liberia or wherever else his executor or some Court might say.

The will, therefore, is not one which can be executed according to the doctrine of *Cypres*.

The reasons why we think this will not to be saved by the doctrine of *Cypres*, will doubtless be stated at some length in the opinion of the Court in the next two cases, which are upon the same will.

And if the will cannot be executed according to the doctrine of *Cypres*, it cannot be executed at all—for the States of Indiana and Illinois have forbidden the introduction of negroes into their respective limits.

But if the will cannot be executed at all, as far as it concerns emancipation, then the slaves take no rights under it. And if the slaves take no rights under it, then none on behalf of the slaves do, or on behalf of the slaves can, appear in Court on pretence of representing the rights of the slaves.

The Court was right, therefore, in refusing to let the Colonization Society or Hunter become parties in the case.

The Court was right in this for another reason.    Even if the will were one to be executed, *Cypres* the *executor*, would be a party all sufficient to execute it.

And I may say, for myself, that I think the Court was right for still another reason.    I think the whole will was void under the Acts of 1801 and 1818.    Why I think so I will state in delivering my opinion in the next two cases.

In these two cases I will only add, that in my opinion, the monstrous doctrine of *Cypres* is not to have given it one inch of ground beyond the *possessio pedis*.